923 P.2d 956

**Henry Walter WOOD, Plaintiff–Appellee,**

v.

**Laurie Bell Worthington WOOD, Defendant–Appellant.**

**No. 16016.**

Intermediate Court of Appeals of Hawai'i.

Sept. 17, 1996.

---

Frank T. Lockwood (Lockwood & Schmidtke, of counsel), on the briefs, Honolulu, for defendant-appellant.

Sara R. Harvey and Patrick Naehu (Stirling & Kleintop, of counsel), on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

BURNS, Chief Judge.

This appeal involves Hawai'i Family Court Rules (HFCR) Rule 68 (1982). Defendant Laurie Bell Worthington Wood (Mother) appeals the family court's March 16, 1992 Order Denying Motion for Attorney's Fees and Costs Pursuant to HFCR Rule 68. We vacate and remand.

A Decree of Absolute Divorce and Awarding Child Custody entered on February 25, 1988 awarded Mother and plaintiff Henry Walter Wood (Father) joint legal and physical custody of their daughter (Daughter) born on October 31, 1982.

Stipulated orders filed on May 30, 1990 and August 22, 1990 added some specifics to the physical custody order.

On October 3, 1991 Mother moved for sole physical custody, subject to Father's reasonable visitation rights, and for child support. On October 18, 1991 Father moved for sole physical custody, subject to Mother's reasonable visitation rights, and for child support.

On November 13, 1991 pursuant to HFCR Rule 68, Father's attorney received from Mother an offer of settlement dated November 8, 1991. Mother offered "[t]hat the parties have joint legal custody of [Daughter] and that [Mother] have physical custody of [Daughter], subject to [Father's] rights to reasonable visitation according to the standard Type B visitation schedule."

The contested hearing was scheduled to commence on February 14, 1992 at 9:00 a.m. On February 12, 1992 the parties presented to the family court a Stipulation in Lieu of Hearing on Motion and Affidavit for Relief After Order or Decree filed October 18, 1991 (Stipulation) that, among other things, awarded joint legal custody to the parties, physical custody to Mother, and specific visitation to Father; ordered Father to pay $500.00 per month child support; and noted that "[t]he matter of attorneys fees and costs under [HFCR Rule] 68 is reserved for further determination based upon a motion by either party within 20 days of this Order." The Stipulation was filed on February 14, 1992 (February 14, 1992 Stipulated Order) after the family court judge approved and ordered it.

On March 4, 1992 Mother filed a Motion for Attorney's Fees and Costs Pursuant to HFCR [Rule] 68 (March 4, 1992 Motion for Fees and Costs). On March 16, 1992 after a hearing, the family court denied Mother's March 4, 1992 Motion for Fees and Costs. On April 30, 1992 the family court filed Findings of Fact and Conclusions of Law in relevant part as follows (emphasis in original):

II. CONCLUSIONS OF LAW.

1. Rule 68, Hawaii [Hawai'i] Family Court Rules, as amended, reads as follows:

OFFER OF SETTLEMENT.... *If the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS [Hawai'i Revised*

*Statutes] section 580–47, as amended....*

2. Rule 68 was clearly intended to encourage settlement and thereby avoid judicial intervention by making mandatory the imposition of the sanction of attorney's fees and costs against an offeree who does not accept an offer that subsequently proves to be "patently not more favorable as a whole" than *"the decree or order finally obtained."*

3. The phrase "the decree or order finally obtained" contemplates a judicial *determination* of the disputed issues rather than merely a judicial *endorsement* of any settlement encouraged by the rule.

4. The fact that the rule is applicable only in those instances where the parties are unable to settle prior to a hearing on the dispute, thus requiring judicial resolution of the dispute *at hearing* is clearly supported by Rule 68's incorporation of HRS § 580–47(e) as a specific equitable limitation.

5. HRS § 580–47(e) (as amended) states in pertinent part:

Attorney's fees and costs. *The court hearing any motion for orders* either revising an order for the custody, support ... of the children of the parties ... *may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing* as shall appear just and equitable after consideration of the merits of the respective parties, the relative abilities of the parties, the economic condition of each party *at the time of the hearing,* the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

6. The above cited language in paragraph 5, of HRS § 580–47(e) contemplates an award of attorney's fees and costs only *after hearing.*

7. Based on the above Conclusions of Law (paragraphs 1 through 6), it is clear that Rule 68, HFCR, does not contemplate nor in fact authorize, the award of attorney's fees and costs after stipulated settlement of all disputed substantive issues short of trial or hearing.

The family court decided that HFCR Rule 68 does not apply unless the decree or order finally obtained was entered after a hearing and, since the February 14, 1992 Stipulated Order was entered without a hearing, HFCR Rule 68 does not apply in this case. In our view, the family court's interpretation contradicts the plain language of HFCR Rule 68 and its primary purpose of encouraging settlements "more than [10] days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin[.]"

HFCR Rule 68 states in relevant part that

At any time more than 20 days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin, either party may serve upon the adverse party an offer to allow a decree or order to be entered to the effect specified in the offer. Such offer shall not be filed with the court, unless it is accepted. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall treat the matter as an uncontested proceeding and schedule an appropriate hearing, if necessary. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. If the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580–47, as amended....

HFCR Rule 68 allows the offeree 10 days to accept. If the offer is not accepted within the 10 days and the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer, the offeree must pay the offeror's attorney fees and costs incurred after the offer. HFCR Rule

68 says nothing about the process that led to the decree or order.

The family court's Conclusion of Law (CoL) No. 3 appears to be based on a notion that the family court should not award attorney fees and costs in situations where the parties have settled just before trial. Otherwise, parties will be less inclined to settle just before trial. We think that this notion ignores the fact that HFCR Rule 68 seeks to encourage parties to settle 10 days or more prior to "a contested matrimonial trial or a contested hearing for an order[,]" so as to eliminate the expenditure of the time, energy, and resources that would otherwise be necessary for everybody involved to be ready for the contested trial or hearing. The family court's interpretation of HFCR Rule 68 *discourages settlements ten days or more prior to a contested trial or contested hearing* by encouraging settlements just before the contested trial or contested hearing begins.

There are two exceptions to HFCR Rule 68's mandate. The first exception occurs when the offeror agrees to waive his or her HFCR Rule 68 entitlement. That did not happen in this case.

The second exception occurs when "the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580–47, as amended." In CoL No. 6, the family court used *this exception to justify its conclusion that HFCR Rule 68 was inoperative in the absence of a hearing.*

HRS § 580–47 (1993) states in relevant part as follows:

**Support orders; division of property.** (a) Upon granting a divorce, . . ., the court may make such further orders as shall appear just and equitable . . . (4) allocating, as between the parties, the responsibility for the payment of . . . the attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making such further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. . . .

\*   \*   \*   \*   \*   \*

(e) Attorney's fees and costs. The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties, or an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order or any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of the attorney fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

The family court's CoL No. 4 fails to appreciate that HFCR Rule 68's reference to HRS § 580–47 is a reference to matters relevant to the determination of equitability, not to a requirement for a court hearing.

Assuming the validity of the family court's CoL No. 6 that HRS § 580–47(e) "contemplates an award of attorney's fees and costs only *after hearing,*" the language of HFCR Rule 68 is materially different. HFCR Rule 68 speaks of a time "before a contested matrimonial trial or a contested hearing for an order is scheduled to begin," does not speak of an actual hearing, and triggers when "the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer[.]"

We respond as follows to the notion that it is unfair to award attorney fees and costs in situations where the parties have settled: one, as noted above, HFCR Rule 68's time limit has a meaningful purpose; two, it is not unfair to award attorney fees and costs in situations where the parties settled but expressly did not settle the issue of attorney fees and costs; and three, HFCR Rule 68's reference to the equitability provisions in

HRS § 580–47 gives the family court the discretion, in the light of the considerations stated in HRS § 580–47, to award only such attorney fees and costs "as shall appear just and equitable[.]"

Accordingly, we vacate the March 16, 1992 Order Denying Motion for Attorney's Fees and Costs Pursuant to HFCR Rule 68, and remand for compliance with the following mandate of HFCR Rule 68:

If the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580–47, as amended.