968 P.2d 184

**Monty Riley CRISS, Plaintiff/Cross–Defendant–Appellee,**

v.

**Atsuko KUNISADA, Defendant/Cross–Plaintiff–Appellant**

No. 19361

Intermediate Court of Appeals of Hawai'i.

Feb. 5, 1998.

As Amended Feb. 10, 1998.

Certiorari Denied March 17, 1998.

Fred Y. Abe & Richard M. Sakoda, on the briefs, Honolulu, for defendant/cross-plaintiff-appellant.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

ACOBA, Judge.

We hold that an offer of settlement pursuant to Hawai'i Family Court Rules (HFCR) Rule 68 (1982) may be made concerning any item as to which "a decree or order" may be entered, and is not required to encompass all issues in a divorce proceeding. This interpretation comports with the express language in HFCR Rule 68 and facilitates the settlement of disputed issues. Thus, in the divorce proceeding below, the HFCR Rule 68 offer of Defendant/Cross–Plaintiff–Appellant Atsuko Kunisada (Wife) that Wife shall be awarded custody of the minor child of the parties, subject to rights of reasonable visitation of Plaintiff/Cross–Defendant–Appellee Monty Riley Criss (Husband), must be compared as a whole to those terms of the divorce decree to which the offer was directed, i.e, custody of the minor child.

We also hold that where the offer is directed to the custody of the parties' minor child and not to the substance of any visitation rights, an award of reasonable visitation rights to the non-custodial party is merely the concomitant outcome of the award of custody to the offeror. Accordingly, the words of the decree here fully and completely decided the claim toward which the custody offer was directed despite the offer's lack of specificity as to the visitation rights which might be awarded.

The first circuit family court (the court) decided the foregoing propositions to the contrary. Therefore, we vacate the court's October 5, 1995 order denying Wife's motion for attorney's fees and costs under HFCR Rule 68 and remand the matter for disposition as set forth herein.

## I.

Husband filed a complaint for divorce on October 15, 1994, requesting, among other things, that he be awarded the legal and

Paul A. Tomar, Coates & Frey, on the brief, Honolulu, for plaintiff/cross-defendant-appellee.

physical custody of the minor child born on May 31, 1992 to him and Wife.

Wife filed an answer to the complaint which stated, in pertinent part, that "custody of the minor child should be awarded to [her]" and also filed her own cross-complaint for divorce reiterating her request that "custody [should] be awarded to [her]."

Husband's answer to the cross-complaint denied that custody should be awarded to Wife.

On December 6, 1993, Husband and Wife stipulated to a "social study" on the custody matter.[1]

On January 9, 1994, Wife made an offer of settlement on the custody issue pursuant to HFCR Rule 68 (the Rule 68 offer), as follows: "The following is [Wife's HFCR] Rule 68 offer of settlement to [Husband] on the issue of child *custody:* [Wife] shall be awarded the care, custody, and control of the child, KEIFER TAKESHI CRISS [sic], subject to [Husband's] rights of reasonable visitation." (Emphasis added.)

HFCR Rule 68 provides as follows:

**Offer of Settlement.** At any time more than 20 days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin, *either party may serve upon the adverse party an offer to allow a decree or order to be entered to the effect specified in the offer.* Such offer shall not be filed with the court, unless it is accepted. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with the proof of service thereof and thereupon the

court shall treat the matter as an uncontested proceeding and schedule an appropriate hearing, if necessary. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. *If the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer,* unless the court shall specifically determine that such would be inequitable in accordance with the provisions of [Hawai'i Revised Statutes (HRS) ] section 580–47, as amended. The fact that an offer is made but not accepted does not preclude a subsequent offer.

(Emphases added.)

Husband did not respond to the Rule 68 offer.

The social study report dated April 6, 1994 recommended that Wife be awarded sole legal and physical custody of the minor child but made no recommendations concerning visitation by Husband pending his "neuropsychological evaluation." On May 9, 1994, a subsequent social study report recommended a visitation schedule conditioned on Husband's "drug usage status [being] satisfactorily addressed" and the availability of the "paternal grandmother ... for supportive purposes."

On June 16, 1994, Husband filed his position statement, adhering to his original position that custody be awarded to him but adding that Wife not be permitted to "establish residency in Japan" if custody were awarded her.

---

1. The stipulated order provided for a "social study" pursuant to the provisions of Hawai'i Revised Statutes (HRS) §§ 571–45 and 571–46(4) (1993).

  HRS § 571–45 provides, in relevant part:
    Except where the requirement is waived by the judge, social studies shall also be made in proceedings to decide disputed or undetermined legal custody and in custody disputes arising out of a divorce action.
  HRS § 571–46(4) provides:
    Whenever good cause appears therefor, the court may require an investigation and report

concerning the care, welfare, and custody of any minor child of the parties. When so directed by the court, investigators or professional personnel attached to or assisting the court shall make investigations and reports which shall be made available to all interested parties and counsel before hearing, and the reports may be received in evidence if no objection is made and, if objection is made, may be received in evidence provided the person or persons responsible for the report are available for cross-examination as to any matter that has been investigated[.]

On June 17, 1994, Wife filed her responsive position statement concurring with the social study report's recommendation that she have sole legal and physical custody and requesting that visitation with Husband be supervised in consonance with Wife's interpretation of the report's reference to the availability of "the paternal grandmother."

After trial, which began on October 25 and ended on October 28, 1994, the court awarded Wife sole legal and physical custody of their minor child and awarded Husband reasonable visitation rights.[2]

On November 17, 1994, Husband filed a motion for reconsideration or further hearing, or in the alternative, to settle terms of the decree. With regard to visitation rights, Husband's motion sought (1) "[a] consolidation and reconfiguration of the visitation rights awarded by [the] court";[3] and (2) "[s]ettling the terms of Paragraph 4 of the proposed [d]ecree with respect to visitation by requiring the [d]ecree to properly reflect the [c]ourt's orders regarding a three (3)[-]week visitation per quarter."[4]

On December 12, 1994, the court entered an order denying Husband's motion. The order stated, "In addition, [t]he [c]ourt having clarified its decision announced orally on 10/28/94, [Plaintiff's] [m]otion for [r]econsideration, etc. is denied."

On February 1, 1995, Husband filed a motion and affidavit for relief after order or decree because of Wife's alleged violation of the court's clarified order of December 12, 1994.[5]

On February 6, 1995, a hearing on the motion was held.[6]

On May 4, 1995, the court entered the written divorce decree that provided, in pertinent part, the following:

> 5. *CUSTODY. [Wife] shall be awarded the care, custody, and control of her child, subject to [Husband's] rights of reasonable visitation.* [Wife] is no longer restrained from taking the child with her to Japan. Each party shall keep the other party informed of his or her residence address and telephone number so long as the child is a minor. *Neither party nor their respective families are to say anything derogatory or negative about the other person or their family to the child or within his hearing range.*
>
> [Wife] shall give [Husband] medical and general progress reports of the child at least quarterly or at appropriate times.
>
> The Family Court shall have continuing jurisdiction over the matter of custody.
>
> 6. *VISITATION.* [Husband's] rights of reasonable visitation shall include, but not be limited to the following until the child attends school[.][7]

2. The parties have not included transcripts from the trial in the record on appeal. Therefore, we cannot specifically determine the terms of the award of custody and visitation rights as orally announced by the first circuit family court (the court).

3. Plaintiff/Cross–Defendant–Appellee Monty Riley Criss (Husband) asserted in his memorandum in support of his motion that the court had orally awarded him a total of seventeen weeks of visitation per year consisting of one eight-week period during the summer and three three-week quarterly visits. Husband's motion sought to amend the visitation schedule by providing for two eight-week visitation periods spaced evenly throughout the year because Husband alleged transportation between Hawai'i and Japan, where Kiefer Takeshi Criss (the child) would be residing with Defendant/Cross–Plaintiff–Appellant Atsuko Kunisada (Wife), would cost about $18,000 per year under the court's order.

4. Husband's memorandum in support of the motion asserted that Wife deleted one of the three three-week visitation periods orally ordered by the court from the proposed divorce decree.

5. Husband's motion alleged violations of the court's visitation orders by Wife when she refused to deliver the child for a three-week visitation. The motion also sought to compel Wife to accept an offer received from a third party on the marital residence.

6. The transcript of this hearing was not made a part of the record on appeal and there is no entry of a written order relating to this motion.

7. The various terms of the visitation rights awarded Husband were as follows:
   a. Unlimited correspondence and daily telephone calls at reasonable hours. At a minimum, telephone visitation shall occur at least once a week. The *first* phone call is to be made by [Wife], at her expense. To assure access between [Husband] and the child, to the

On June 2, 1995, Wife filed a motion for, *inter alia,* an order awarding attorney's fees and costs pursuant to HFCR Rule 68. Wife contended Husband should be "ordered to pay [Wife's] attorney's fees and costs because the divorce decree is patently not more favorable as a whole than the offer[,]" and that an award of such fees and costs would not be inequitable under HRS § 580–47(e) (1993).[8]

On October 5, 1995, the court filed a written order denying Wife's motion for attorney's fees and costs pursuant to HFCR Rule 68.

On January 22, 1996, the court entered written findings of fact (findings) and conclusions of law (conclusions) regarding Wife's motion under HFCR Rule 68. The court entered the following pertinent findings:

12.... *The Court's visitation schedule is clearly more liberal and gives [Husband] a greater opportunity for visitation than the Adult Services Branch recommendation which [Wife] had agreed to prior to trial.* Such terms were obviously absent from [the] Rule 68 offer.

. . . .

16. The Court does not conclude that the order finally obtained by Husband is not patently more favorable than [the Rule 68 offer] of settlement. Instead, *the Court finds that the custody and visitation orders derived subsequent to trial were more favorable to Husband than the terms proposed by Wife in her Rule 68 offer* of January 1994.

(Emphases added.)

The court also made the following conclusions:

1. Rule 68, [HFCR], requires an offeree of a [HFCR] Rule 68 offer to pay the attorney's fees and costs of the offeror only if the offeree obtains a result which is, on the whole, essentially equal to or worse than the offer originally made.

2. [HFCR] Rule 68 requres [sic] that the Court find that the decision or order finally obtained by the offeree is "patently not more favorable as a whole than the offer" in order to grant the offeror's request that the offeree pay the attorney's fees and costs incurred subsequent to the making of the offer.

3. [HFCR] Rule 68 expressly states that the *litigation on the specified issue is to be looked at in its entirety, that is, in terms of the overall impact on the results as a whole. Thus various orders relating to and affecting the specific issues must be looked at together to determine the net effect of the subsequent litigation.*

extent possible, subsequent phone calls will be arranged prior to the end of the current phone call.

b. Four (4) quarterly overnight visits of three or four weeks for a total of 14 weeks per calendar year. All overnight visitations shall be arranged at least two weeks in advance. All such visitation periods shall take into account [the child's] educational requirements and scheduling when [the child] reaches mandatory school age. The quarterly visitation during the Christmas and New Year holidays shall be on an alternate basis. [Wife] will have the child for the Christmas and New Year holidays in 1994.

c. If [Husband] comes to the vicinity of the child's residence in Gifu, Japan he shall have special accessibility to the child. [Husband] shall give [Wife] at least a week's notice prior to his scheduled visitation. These visitations shall take into account the child's daily routine and important events.

The transportation expenses for the minor child for the four (4) quarterly visitations shall be paid 50% by [Husband] and 50% by [Wife].

[Husband] shall pick up the child in Nagoya, Japan and pay for the child's transportation expenses to [Hawai'i]. [Wife] shall pick up the child in Honolulu, [Hawai'i] and pay for the child's transportation expenses to Japan. The child's grandmother, Fay Harris, or anyone else subsequently mutually agreed to by the parties, may assist the parties in making reservations on behalf of the child, the child's traveling companion, and the child's mother. To the extent that Ms. Harris (or another third person) undertakes such role in making travel arrangements and/or accompanying the child on air travel, the parties shall communicate and cooperate with Ms. Harris (or such designated third person) in good faith.

[Husband] and [Wife] shall both execute a document confirming the date, time, and place the child is to be picked up in Japan and the date, time and place the child will be returned to [Wife] in [Hawai'i].

The Family Court shall have continuing jurisdiction over the matter of visitation.

(Emphasis in original.)

8. Effective June 21, 1997, HRS § 580–47(e) (1993) was renumbered as HRS § 580–47(f) (Supp.1997). 1997 Haw. Sess. L. Act 293, § 40, at 676. The text was not changed. *Id.*

4. *Nothing in [HFCR] Rule 68 indicates that orders for custody and visitation issues cannot be looked at separately from property issues in divorce.* The only restriction would be that any resulting award of attorneys' fees and costs would be limited to the fees incurred solely in regard to the custody and visitation issues.

5. *Where an offer specifies only "reasonable visitation" to the noncustodial parent, it is vague and ambiguous* and open to interpretation by each of the parties as to what they believe "reasonable visitation" means, if there is no detailed explanation of what "reasonable visitation" is actually intended by the party offering such.

6. *The visitation rights finally obtained by Husband were NOT "patently not more favorable as a whole" than the offer made by Wife to Husband on the issues of custody and visitation.* Therefore, an order mandating Husband to pay Wife's attorneys [sic] fees and costs was not justified under [HFCR] Rule 68. "Reasonable visitation rights" as specified by the Court were patently more favorable to Husband than the unspecified "reasonable visitation rights" in Wife's Rule 68 offer to her Husband, including provisions

which outlined how visitation was to be arranged, how visitation costs were to be shared by the parties, and specified the continuing jurisdiction of this Court in future custody and visitation disputes.

(Emphases added.)

Wife appeals from the October 5, 1995 order denying her motion for attorney's fees and costs pursuant to HFCR Rule 68.

## II.

■ In this appeal, we consider the application of HFCR Rule 68.[9] The "primary purpose [of HFCR Rule 68 is to] encourag[e] settlements 'more than [10] days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin[.]'" *Wood v. Wood,* 82 Hawai'i 539, 541, 923 P.2d 956, 958 (App.1996) (quoting HFCR Rule 68); *Cf. Langaman v. Mike Salta Pontiac, Inc.,* 4 Haw.App. 57, 67 n. 9, 659 P.2d 752, 758 n. 9 (1983) ("[Hawai'i Rules of Civil Procedure (HRCP)] Rule 68 [(1972)] 'encourages settlements and discourages vexatious suits and thus diminishes the burden of litigation.'" (quoting 12 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3001 (1973))).[10]

9. Wife presented five issues on appeal. The issues related to whether the court could deny her request for attorney's fees for custody and visitation which were the subject of her Hawai'i Family Court Rules (HFCR) Rule 68 (1982) offer (the Rule 68 offer); whether custody and visitation could be considered one issue; whether the term "reasonable rights of visitation" must be defined; whether the court could include Wife's position at trial as to visitation as part of the terms of the Rule 68 offer; and whether the court erred in finding that the divorce decree was patently more favorable to Husband than the Rule 68 offer. We address these issues as they arise in our discussion and not necessarily in the order that Wife has presented them.

10. HFCR Rule 68 is similar to the Hawai'i Rules of Civil Procedure (HRCP) Rule 68 (1972). *Gardner v. Gardner,* 8 Haw.App. 461, 478, 810 P.2d 239, 248 (1991). HRCP Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him [or her] for the money or property to the effect specified in his [or her] offer, with costs then accrued. If within 10 days after the service of

the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

HRCP Rule 68 and Federal Rules of Civil Procedure (FRCP) Rule 68 (1966) are virtually identical, and thus this court has relied on federal case law for guidance in the interpretation of

In order for attorney's fees and costs to be awarded under HFCR Rule 68, certain requirements must be met. First, the offer of settlement must be made at any time more than twenty days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin. Second, the offeror must serve upon the adverse party an offer to allow a decree or order to be entered to the effect specified in the offer. Third, the decree or order finally obtained by the offeree must be patently not more favorable as a whole than the offer. Finally, if all the preceding requirements of HFCR Rule 68 have been met, the court shall make an award of reasonable attorney's fees and costs to the offeror unless it specifically determines that such an award would be inequitable, considering the provisions of HRS § 580–47, as amended.

### A.

In the instant case, Wife made her Rule 68 offer on January 9, 1994, over nine months before the contested matrimonial trial. Wife thus satisfied the twenty-day requirement, and Husband does not dispute this point.

### B.

Wife served upon Husband the Rule 68 offer to allow a decree or order to be entered with respect to custody.

Neither party contends the offer was not sufficiently specific as to the matter of custody.

Husband claims, however, that in custody disputes the terms of the visitation rights are crucial to the ultimate award. Similarly, the court concluded that the "reasonable visitation rights as specified by the court were more favorable ... than the *unspecified* reasonable visitation rights" in Wife's Rule 68 offer. (Emphasis added.)

Wife, on the other hand, contends that the term "reasonable rights of visitation" was sufficiently definite for HFCR Rule 68 purposes. In support of her argument, Wife cites HRS § 571–46(7) (1993) which states generally, in relevant part: "Reasonable visitation rights shall be awarded to parents, grandparents, and any person interested in the welfare of the child in the discretion of the court, unless it is shown that rights of visitation are detrimental to the best interest of the child[.]"

Although HFCR Rule 68 does not precisely define how specific an offer must be, it does state that an offer is one that "allow[s] a decree or order to be entered to *the effect specified in the offer.*" (Emphasis added.) HRCP Rule 68, although different in some respects, covers the same subject as HFCR Rule 68. *Gardner v. Gardner*, 8 Haw.App. 461, 478, 810 P.2d 239, 248 (1991). The corresponding portion of HRCP Rule 68 provides that the "offer [is one which] allow[s] judgment to be taken against [the adverse party] for the money or property or to *the effect specified in [the defendant's] offer*, with costs then accrued." (Emphasis added.) Offers under HRCP Rule 68 thus "must be such that a judgment in the words of the offer will fully and completely decide the claim or claims toward which the offer is directed." *Crown Properties, Inc. v. Financial Security Life Ins. Co.*, 6 Haw.App. 105, 113, 712 P.2d 504, 510 (1985); 12 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3002, at 92 (2d ed. 1997) ("The [Federal Rules of Civil Procedure Rule 68] offer must specify a definite sum or other relief for which judgment may be entered[.]"). Because of the similarity of these provisions, we conclude that an HFCR Rule 68 offer, like an HRCP Rule 68 offer, "must be such that a [decree or order] in the words of the offer will fully and completely decide the claim or claims toward which the offer is directed." *Crown Properties*, 6 Haw.App. at 113, 712 P.2d at 510.

We agree with Husband that in the abstract the term "reasonable visitation rights" would need to be further defined. As the

HRCP Rule 68. *Langaman v. Mike Salta Pontiac, Inc.*, 4 Haw.App. 57, 67 n. 9, 659 P.2d 752, 758 n. 9 (1983). Such authority is helpful in our analysis of those provisions of HFCR Rule 68 that are similar to HRCP Rule 68.

It is important to note, however, that the term "costs" in HRCP Rule 68 does *not* include attorney's fees. *See Collins v. South Seas Jeep Eagle*, 87 Hawai'i 86, 87, 952 P.2d 374, 375 (Hawai'i 1997).

court noted, "[w]here an offer specifies only 'reasonable visitation' to the noncustodial parent, it is ... open to interpretation by each of the parties as to what they believe 'reasonable visitation' means, if there is no detailed explanation of what 'reasonable visitation' is actually intended by the party offering such." However, that such rights must be further delineated in a particular case is not necessarily dispositive for HFCR Rule 68 purposes.

■ We are concerned here, as the offer stated, with a "[HFCR] Rule 68 offer of settlement ... on the issue of child *custody*[,]" (emphasis added), not with an offer concerning the substantive terms of child visitation. Thus, the offer was directed to custody of the parties' minor child and not to the nature of any visitation rights.[11] Where an offer of settlement as to custody is made, the reciprocal award of reasonable visitation rights to the noncustodial party is merely the concomitant outcome of an award of custody to the offeror. The recognition of this aspect of a custody award has long been recognized in our jurisdiction. *Restarick v. Restarick*, 29 Haw. 85, 88 (1926) ("Sometimes, however, and perhaps in most instances, it is possible for courts to yield to the dictates of humanity in permitting the parent to whom general custody is denied certain rights of visitation and companionship.").

■ Therefore, reasonable visitation rights, as a general matter, will ordinarily be awarded in tandem with the award of custody.

> In the absence of extraordinary circumstances, where the custody of a minor child is awarded to one parent by a divorce decree, it is the prevailing practice to insert in the decree a provision granting visitation rights to the parent who does not have custody. Indeed, it is proper, reasonable, and desirable that the decree expressly provide visitation rights; and where a divorce decree does not refer expressly to the issue of visitation rights, the decree may be reversed on appeal or modi-

fied on a proper application, so as to provide for such rights.

24 Am.Jur.2d. *Divorce and Separation* § 999, at 993 (1998) (footnotes omitted). This view has been supported by commentators. "In most instances, when a marriage is dissolved the judgment or decree dissolving the marriage will award physical custody of the minor child of the marriage to one of the parents, and the rights of visitation or access to the parent not receiving physical custody." J. McCahey, M. Kaufman, C. Kraut, D. Gaffner, J. Graham, R. Schwarts, M. Warfman & J. Zett, *Child Custody & Visitation Law and Practice* § 16.02[1], at 16–6 (M. Bender 1996). "When the decree or judgment does not specifically grant the noncustodial parent visitation rights, he or she is generally presumed to have a natural right of visitation, and the court will modify the decree to provide for such right." *Id.* at 16–7.

We conclude, then, that the decree's award of custody to Wife subject to Husband's rights of reasonable visitation "fully and completely" decided the claim toward which Wife's offer was directed.

## C.

■ The third requirement of HFCR Rule 68, that "the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer[,]" is the primary source of the parties' dispute. Husband maintains that the reference in HFCR Rule 68 to the divorce decree "as a whole" requires Wife to submit an offer on all issues in the divorce proceeding, hence precluding offers that do not encompass all issues. Otherwise, Husband asserts, the decree cannot be compared to the offer in determining whether the decree is patently not more favorable than the offer. Thus, Husband reasons, Wife cannot recover under [HFCR] Rule 68 because her offer dealt only with custody and visitation and, accordingly, it would be impossible to compare her offer to the decree as a whole. The court similarly concluded that in determining whether an award was not more favorable than an offer it must view the

---

11. Had the offer been made only as to the terms of visitation rights, the same analysis would not apply.

custody *and visitation* award "in terms of the overall impact on the results [of the divorce decree] as a whole[,]" and that it must determine the "net effect" of such an award. In our view, this construction of HFCR Rule 68 was incorrect.

■ HFCR Rule 68 is not so limiting. Under its express terms an offer may be made concerning an item as to which "a decree or order" may "be entered." Plainly, a decree or order may be entered as to custody. Therefore, we conclude that any party may properly serve upon the adverse party a HFCR Rule 68 offer with regard solely to custody.[12] If we were to accept Husband's proposition that HFCR Rule 68 requires an offer to encompass all issues in a divorce proceeding, it would not only be contrary to the language of the rule, but would frustrate HFCR Rule 68's "primary purpose of encouraging settlements 'more than [10] days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin.'" *Wood,* 82 Hawai'i at 541, 923 P.2d at 958. By permitting an offeror to recover attorney's fees and costs with respect to an offer that encompasses less than all the contested issues, settlements are facilitated, eliminating unnecessary expenditures of time, energy, and resources.

Thus, Wife's Rule 68 offer with respect to custody must be compared "as a whole" to those terms of the divorce decree to which the offer was directed, i.e., custody.

### D.

■ However, Husband insists that even if this court construes HFCR Rule 68 to permit "partial" offers of settlement, the decree finally obtained by Husband was more favorable than Wife's partial offer. In this connection conclusion number six somewhat awkwardly states, *inter alia,* that "[t]he visitation rights finally obtained · by Husband were NOT 'patently not more favorable as a whole' than the offer made by Wife to Husband on the issues of custody and visita-

tion."[13] We believe Husband's contention and conclusion six are insupportable.

As Wife points out, the divorce decree's award on the basic issue of custody was the same as her Rule 68 offer and, therefore, the decree could not be "patently" more favorable to Husband than her Rule 68 offer.

We reiterate that Wife's HFCR Rule 68 offer provided, in relevant part, that with respect to custody, "[Wife] shall be awarded the care, custody, and control of the child, KEIFER TAKESHI CRISS [sic], subject to [Husband's] rights of reasonable visitation." In a parallel manner, the decree, as we have noted previously, provided, in relevant part, that "[Wife] shall be awarded the care, custody, and control of the child, subject to [Husband's] rights of reasonable visitation." The decree's award of custody and reciprocal reasonable visitation rights was exactly that offered by Wife to Husband and thus "was patently not more favorable" than the offer. Wife does argue that as a general matter custody and visitation should be considered as one issue for the purpose of determining her HFCR Rule 68 offer. In our view, however, it is the terms of the offer which are controlling for HFCR Rule 68 purposes. *See* discussion, *supra,* part II.B.

We conclude, then, that the court was wrong in ruling that the decree's award was more favorable to Husband than Wife's offer. As a result, the October 5, 1995 order denying Wife attorney's fees and costs must be vacated.

### E.

Once it is determined that the award obtained by the offeree is patently not more favorable as a whole than the offer, the court must determine whether it would be inequitable to award attorney's fees and costs, applying the standards set forth in HRS § 580–

---

12. To avoid any confusion as to the nature of the offer, the offeror should make clear whether the offer relates only to custody.

13. It is unclear whether the court concluded Husband's visitation rights award was patently more favorable than its award of *custody* to Wife or Wife's offer involving custody and visitation rights or only the "offer" of visitation rights.

**26**

47(f).[14] Because the court denied Wife attorney's fees and costs under HFCR Rule 68, it did not consider whether such an award would violate HRS § 580–47(e). Since we remand for the court's determination of Wife's attorney's fees and costs under HFCR Rule 68, we instruct the court to apply the standards in HRS § 580–47(f) to any award of attorney's fees and costs. As this court stated in *Wood,* HFCR Rule 68's reference to the equitability provisions in HRS § 580–47 gives the family court the discretion, in the light of the considerations stated in HRS § 580–47, to award only such attorney's fees and costs "as shall appear just and equitable[.]" *Wood,* 82 Hawai'i at 542–43, 923 P.2d at 959–60.

### III.

We believe it necessary to address findings 12 and 16 by the court. On appeal, findings of fact are reviewed under the clearly erroneous standard. *Hirono v. Peabody,* 81 Hawai'i 230, 232, 915 P.2d 704, 706 (1996).

We determine that in finding 12 the court erroneously imputed "the Adult Services Branch [ (the Branch) ] recommendation" to Wife's Rule 68 offer. The fact that Wife had "agreed" to the Branch's visitation recommendations prior to trial did not make those recommendations part of her offer. Under HFCR Rule 68, the offer originates with a party. Wife did not make the Branch's recommendation part of her offer. Additionally, HFCR Rule 68 allows an offeree ten days to accept an offer, *Wood,* 82 Hawai'i at 541, 923 P.2d at 958, and provides that "[a]n offer not accepted shall be deemed withdrawn," HFCR Rule 68. Since Husband did not accept Wife's Rule 68 offer within ten days, it was deemed withdrawn; hence, Wife's position at trial with respect to visitation would be totally irrelevant to her Rule 68 offer.

Also, the court erred in finding 16 by basing its denial of HFCR Rule 68 fees and costs on "custody and visitation orders derived *subsequent* to trial [which] were more favorable to Husband than" Wife's offer.[15] (Emphasis added.) The Rule 68 offer was made in connection with the divorce trial. Wife's motion sought an order awarding her "attorney's fees and costs because the *divorce decree* [was] patently not more favorable as a whole than the offer." (Emphasis added.) Thus it was the divorce decree as to which the offer was made and as to which an award of custody was "finally obtained." Consequently, it was the resulting custody award in the decree which was to be evaluated with the Rule 68 offer. Since the Rule 68 offer related to the divorce decree, "subsequent" "orders" affecting the divorce decree were not relevant to the Rule 68 decree offer.[16]

---

14. HRS § 580–47 (Supp.1997) provides, in relevant part:

> (a) *Upon granting a divorce, ..., the court may make any further order as may appear just and equitable ...* (4) *allocating, as between the parties, the responsibility for the payment of ... the attorney's fees, costs, and expenses incurred* by each party by reason of the divorce. In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case....
>
> ....
>
> (f) Attorney's fees and costs. The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties, or an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order *or any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable* after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. (Emphases added.)

15. We, of course, do not reach the question of whether the visitation orders were more favorable than the offer, since no offer was made with respect to visitation rights.

16. Attorney's fees as to post-trial proceedings would be a matter separate from a HFCR Rule 68 offer made for the purpose of the contested matrimonial trial.

## IV.

For the foregoing reasons, we vacate that part of the October 5, 1995 order denying Wife's motion for attorney's fees and costs pursuant to HFCR Rule 68 and remand the case to the court for a determination of such an award.