73 P.3d 715

Carmen T. NAKASONE,
Respondent/Plaintiff–
Appellee,

v.

Gerald NAKASONE,
Petitioner/Defendant–Appellant.

No. 23460.

Supreme Court of Hawai'i.

July 30, 2003.

Kurt Bosshard, Lihue, for petitioner/ defendant-appellant, on the writ.

MOON, C.J., LEVINSON, NAKAYAMA, and ACOBA, JJ., and Circuit Judge PERKINS, Assigned by Reason of Vacancy.

Opinion of the Court by ACOBA, J.

We hold that matters in an offer of settlement made pursuant to Hawai'i Family Court Rules (HFCR) Rule 68, which are initially rejected but later settled by agreement before trial, are not subject to an award of attorney's fees and costs under Rule 68. We granted certiorari to review the decision of the Intermediate Court of Appeals[1] (ICA) in *Nakasone v. Nakasone*, 102 Hawai'i 108, 73 P.3d 62 (App. 2002), which held to the contrary.[2]

I.

On November 24, 1998, Petitioner/Defendant–Appellant Gerald Nakasone (Petitioner) made a HFCR Rule 68 offer to Respondent/Plaintiff–Appellee Carmen T. Nakasone (Respondent) as to certain terms of the divorce decree to be entered between them. On December 3, 1998, Respondent responded by disagreeing with parts of the offer and effectively rejected it. On March 2, 1999, the fifth circuit family court (the court)[3] accept-

ed a stipulation by Petitioner and Respondent as to certain issues, which effectively mirrored some of the terms in the November 24 offer. However, certain parts of the offer were not accepted and the issues involved were ultimately tried by the court. On September 9, 1999, the court filed its findings, conclusions and decree granting the divorce and awarding child custody. On September 17, 1999, Petitioner moved for attorney's fees and costs in the amount of $19,488.36. On January 27, 2000, the court entered an order awarding attorney's fees in the amount of $5,000.00. In its findings to the order, the court determined which issues had been settled by stipulation, which had been tried, and the disposition of those issues tried.

In his appeal considered by the ICA, Petitioner maintained that he should be awarded $19,488.36 in attorney's fees and costs he reasonably incurred after a November 24, 1998 offer made pursuant to HFCR Rule 68, instead of the $5,000,00 awarded by the court. Petitioner did not contest any of the findings of fact contained in the January 27, 2000 court order granting Petitioner's request for attorney's fees in part and denying the request of Respondent for attorney's fees. However, he contested conclusions of law nos. 6, 7, 8 and 12 and paragraph 2 of the order.[4] The court's conclusions concerned HFCR Rule 68, which permits the court to award attorney's fees and costs to the offeror of a Rule 68 offer that is more favorable than the terms of the ultimate decree or order. In its conclusions, the court determined that attorney's fees would not be awarded, however, as to those parts of the offer that were initially rejected by Respondent but later

1. ICA Chief Judge James S. Burns authored the opinion, and was joined by Associate Judges Corinne K.A. Watanabe and Daniel R. Foley.

2. Hawai'i Revised Statutes (HRS) § 602–59(b) (1993) provides as follows:

(b) The application for writ of certiorari shall tersely state its grounds which must include (1) grave errors of law or of fact, or (2) obvious inconsistencies in the decision of the intermediate appellate court with that of the supreme court, federal decisions, or its own decision, and the magnitude of such errors or inconsistencies dictating the need for further appeal.

3. The Honorable Max W.J. Graham, Jr. presided over this matter.

4. In her answering brief, Respondent raised as error several statements in findings of fact nos. 24f, h, and k as "clearly erroneous" and conclusions of law nos. 7, 10, and 12 as "wrong." However, Respondent did not appeal or cross-appeal from such findings and conclusions and, therefore, could not raise these matters as error. The ICA noted that Respondent "challenges the January 27, 2000 [findings of fact] nos. 24f, 24h, and 24k, and [conclusions of law] nos. 7, 10, and 12[, but] did not cross-appeal and, therefore, is not authorized to assert such challenges[.]" 102 Hawai'i at 117, 73 P.3d at 71.

settled without trial. The aforesaid conclusions and paragraph of the order state as follows:

## II. *CONCLUSIONS OF LAW*

. . . .

2. If the requirements under HFCR Rule 68 are met, then the [c]ourt shall make an award of resonable attorney's fees and costs *unless the [c]ourt specifically determines that such an award would be inequitable considering the provisions of HRS [§ ] 580–47.*

. . . .

6. , The reference in HFCR Rule 68 to the equitability provisions in HRS [§ ] 580–47 gives the [f]amily [c]ourt the discretion, in the light of the consideration stated in HRS [§ ] 580–47, to award such attorney's fees and costs as shall appear just and equitable.

7. The [c]ourt concludes that *where one party makes a HFCR Rule 68 offer which is rejected by the other party, but where they subsequently enter into a settlement agreement resolving some of the issues contained in the Rule 68 offer,* and where no provision is made in the settlement agreement for an award of attorney's fees, then *those Rule 68 issues which are resolved shall not be subject to a further award of attorney's fees under HFCR Rule 68.*

8. As a result, the *[c]ourt concludes that the matters raised in [Petitioner's o]ffer which were rejected* by [Respondent] in [Respondent's r]esponse, *but were later settled* pursuant to the Stipulation, *are not subject to a further award of attorney's fees or costs.*

. . . .

12. On the basis of HFCR Rule 68, and taking into consideration the factors set forth in HRS [§ ] 580–47, and giving consideration to all of the circumstances of this case, the [c]ourt concludes that it would be just and equitable to order [Respondent] to pay a portion of [Petitioner's] costs and attorney's fees in the amount of FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00).

. . . .

## III. *ORDER*

. . . .

2. [Petitioner's] request for attorney's fees and costs is granted in part and [Respondent] is ordered to pay for a portion of [Petitioner's] attorney's fees the sum of FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00).

(Emphases added.)

On appeal, the ICA vacated the January 27, 2000 order and the May 15, 2000 order denying reconsideration and remanded the case. Because the divorce proceedings were filed in 1998, the 1999 version of HFCR Rule 68 applied. The ICA "conclude[d] that there is no substantive difference between HFCR Rule 68 (1999) and HFCR Rule 68 (2000)[ ] . . . [and] appl[ied] HFCR Rule 68 (2000)." 102 Hawai'i at 111, 73 P.3d at 65. We agree with respect to the issue relevant to this case. As set forth by the ICA,

> HFCR Rule 68 was amended effective January 1, 2000. With the additions bolded and deletions bracketed, HFCR Rule 68 (2000) states as follows:
>
>> At any time more than 20 days before any contested hearing **held pursuant to HRS sections 571–11 to 14 (excluding law violations and criminal matters)** is scheduled to begin, [either] any party may serve upon the adverse party an offer to allow a [decree or order] judgment to be entered to the effect specified in the offer. , **Such offer may be made as to all or some of the issues, such as custody and visitation.** Such offer shall not be filed with the court, unless it is accepted. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, *[either] any party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall treat [the matter as an uncontested proceeding and schedule an appropriate hearing, if necessary]* **those issues as uncontested.** *An offer not accepted shall be deemed withdrawn* and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. *If*

*the [decree or order]* **judgment in its entirety** *finally contained by the offeree is patently not more favorable [as a whole] than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer,* unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580–47, [as amended. The fact that an offer is made but not accepted does not preclude a subsequent offer] **or other applicable statutes, as amended.**

102 Hawai'i at 109, 73 P.3d at 63 (boldfaced font in original) (emphases added).

The ICA posited that "an HFCR Rule 68 offer may be made to completely settle one or more of the following issues: (1) dissolution of marriage; (2)(a) child custody (legal and physical) and visitation; (2)(b) child support and education; (3) spousal support; and/or (4) division and distribution of all of the joint and separate property and debts of the parties[,]" *id.* at 117–118, 73 P.3d at 71–72 (footnote omitted), and that Petitioner had "made offers regarding issues (2)(a), (2)(b), and (4)." *Id.*

After reviewing Petitioner's Rule 68 offer, the ICA held that, "[w]ith respect to issue (4), . . . [Petitioner's o]ffer was insufficient for purposes of HFCR Rule 68 because it pertained to the division and distribution of some but not all of the joint or separate real and personal property and debts." *Id.* In arriving at this conclusion, the ICA indicated that Petitioner "offered that [Respondent] 'can have all of the personal property and household effects at the marital residence' and that the 1996 pipe horse trailer, the fishing rods/reels, the horse, the animal trophies, the 1998 trash trailer and the 1995 Jeep Cherokee were located at the marital residence[, but that h]is silence as to the 1989 Ford 350 and the guns indicates that they were not at the marital residence and[, thus,] were not covered by his offer." *Id.* at 118, 73 P.3d at 72. The ICA then disagreed with conclusion nos. 7 and 8, *see supra*, on the ground that settlement of a previously rejected offer or portion thereof did not preclude

an award of attorney's fees under HRCR Rule 68:

The family court erroneously imposes the burden of settling the question of attorney fees and costs on the HFCR Rule 68 offeror who settled whereas that burden should be imposed on the HFCR Rule 68 offeree who settled after previously rejecting the HFCR Rule 68 offer. With respect to HFCR Rule 68, the fact that the decree or order resulted from a post-offer stipulation rather than a contested trial is not relevant or material.

*Id.* at 118, 73 P.3d at 72.

As to issues 2(a) and 2(b) that it posited, the ICA apparently held that: (1) the question remaining was "whether the entirety of those parts of the judgment resolving issues 2(a) and 2(b) 'is patently not more favorable to [Respondent] than the offer' pertaining to issues 2(a) and 2(b)[,]" *id.* at 118–119, 73 P.3d at 72–73 (brackets omitted), and that the court must decide that question on remand; and (2) as to issues 2(a) and 2(b), if the court did not award attorney's fees and costs as requested because "it would be inequitable in accordance with the provisions of HRS § 580–47 to order the party to pay more than $5,000[,]" it must, "pursuant to HFCR Rule 68, specifically determine[ ] that it would be inequitable . . . [and] state its reasons for its decision." *Id.* at 119, 73 P.3d at 73 (parentheses omitted).

## II.

In his application, Petitioner maintains that (1) "the ICA exceeded the proper scope of review . . . when it found invalid that portion of [Petitioner's] offer which pertained to the division of the parties' property and debts[,]" (2) his offer was "sufficiently comprehensive as to the division of the parties' property and debts[,]" and (3) the family court was obligated to "make an award of those attorney's fees and costs reasonably incurred by the offeror following the date of the Rule 68 offer" "[w]here the [c]ourt has determined that it would not be inequitable to award the offeror his attorney's fees and costs."

With all due respect, we must disagree with the ICA and, accordingly, we reverse the ICA's decision.

## III.

■ Initially, as to the first and second grounds raised by Petitioner's writ application, we believe the ICA erred in holding that Petitioner's offer with respect to joint and separate property and debts [5] of the parties was insufficient. As Petitioner points out, his "offer . . . was sufficiently specific to satisfy the requirements of Rule 68." Paragraph 10 of Petitioner's offer indicated that Respondent "can have all of the personal property and household effects at the marital residence should she accept this proposal." Petitioner maintains in his Application that

[Respondent's] December 3, 1998 response to [Petitioner's] offer confirms the parties' mutual understanding that all items of personal property had been previously divided and that the present allocation of personal property would be confirmed should [Respondent] accept [Petitioner's] offer. She stated at number 10:

    10.  [Petitioner] has household effects and personal property at his Crossley Road residence. When [Petitioner] moved from the marital residence all of the household items and personal property in the house were equally divided and all of [Petitioner's] personal property was given to him.

Petitioner relates that "[n]either party asked for clarification of any aspect of the offer . . . [and Respondent did not] raise the issue in response to [Petitioner's] Rule 68[m]otions and this [a]ppeal." The court found at finding 24j as follows:

    j.  *Paragraph 10.* Both parties seemingly agreed that they would retain their household effects and personal property at their individual residence. The Divorce Decree eventually awarded certain other personal property which was not itemized in either [Petitioner's] Offer or [Respondent's] Response to the parties.

Furthermore, Petitioner declares that "[t]he ICA did not review the evidence as to the location and value of the parties' property, nor did the [c]ourt even have the transcript of the trial as it pertained to these items because [Respondent] *never raised the issue on appeal.*" (Emphasis in original.) In light of the fact that there was no appeal from finding 24(j), the issues posed by the ICA with respect to property distribution should not have been decided. *See Poe v. Hawaii Labor Relations Bd.,* 97 Hawai'i 528, 536, 40 P.3d 930, 938 (2002) ("Unchallenged findings are binding on appeal." (Citations omitted.)); *Grace Business Dev. Corp. v. Kamikawa,* 92 Hawai'i 608, 612 n. 3, 994 P.2d 540, 545 n. 3 (2000) (challenge to the Hawai'i Administrative Procedures Act was not raised on appeal and therefore not addressed); *State v. Kealoha,* 95 Hawai'i 365, 374 n. 11, 22 P.3d 1012, 1021 n. 11 (App.2002) (objection to a verdict form "not raised on appeal" and accordingly was not addressed).

## IV.

■ In connection with Petitioner's third ground, HFCR Rule 68 states, "An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees." Thus, part of Petitioner's offer was effectively withdrawn by operation of Rule 68 as to those parts of the offer not accepted by Respondent.

■ The purpose of HFCR Rule 68 is "to encourage settlements 'more than 10 days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin.'" *Criss v. Kunisada,* 89 Hawai'i 17, 22, 968 P.2d 184, 189 (App.1998) (citations, brackets, and footnotes omitted). By entering into a stipulation of partial settlement, the parties in effect resolved certain items out-of-court. Accordingly, such items were removed from the operative scope of Rule 68 and, to that extent, such matters became "uncontested." Because uncontested, the provisions of Rule 68 with respect to the "not more favorable" decree provision of

---

**5.** The ICA did not address how the offer failed to pertain to debts. The only items noted to be omitted from the offer concerning property were "the 1989 Ford 350 and the guns[.]" 102 Hawai'i at 118, 73 P.3d at 72.

the Rule would be inapplicable, along with the concomitant judicial authority to assess attorney's fees. Similarly, if a stipulation of settlement as to such items resulted not from Rule 68 exchanges but from an agreement outside the Rule, then the attorney's fees provision of Rule 68 likewise would be inoperative.

## V.

■ Inasmuch as the award of attorney's fees hinges on a comparison of the offer with the decree or order finally obtained by the offeree, the Rule does not contemplate an award of attorney's fees if there is no decree or order finally obtained by the offeree with respect to a subject contained within the offer. Where the issue that had been the subject matter of a Rule 68 offer has been settled pre-trial by the parties themselves, it is removed from dispute in the proceedings and is thus no longer the subject of an order "finally obtained" by the offeree. Thus, contrary to the underlying assumption in the ICA's disagreement with conclusions of law nos. 7 and 8, a Rule 68 question of assessing attorney's fees and costs does not survive as to an issue settled before trial. "[T]he fact that the decree or order resulted from a post offer stipulation rather than a contested case," 102 Hawai'i at 118, 73 P.3d at 72, then, has a bearing on whether attorney's fees and costs remain an issue. We conclude, therefore, that contrary to the ICA's holding, the court was correct in ruling that matters raised in an offer that were rejected but later settled pursuant to a pre-trial stipulation would not fall within the scope of the costs provision in Rule 68.

This construction is supported by the purposes of the Rule.

In this appeal, we consider the application of HFCR Rule 68. The "primary purpose of HFCR Rule 68 is to encourage settlements 'more than 10 days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin.'" *Wood v. Wood,* 82 Hawai'i 539, 541, 923 P.2d 956, 958 (App.1996) (quoting HFCR Rule 68); *[c]f. Langaman v. Mike Salta Pontiac, Inc.,* 4 Haw.App. 57, 67 n. 9, 659 P.2d 752, 758 n. 9 (1983) ("Hawai'i Rules of Civil Procedure (HRCP) Rule 68 (1972) 'encourages settlements and dis-

courages vexatious suits and thus diminishes the burden of litigation.'" (Quoting 12C C. Wright & A. Miller & R. Marcus, *Federal Practice and Procedure: Civil* § 3001 (1973).)). *Criss,* 89 Hawai'i at 22, 968 P.2d at 189 (brackets and footnotes omitted). Accordingly, settlement of some but not all issues is an objective served by the Rule. *See id.* at 25, 968 P.2d at 192 ("By permitting an offeror to recover attorneys fees and cost with respect to an offer that encompasses less than all the contested issues, settlements are facilitated, eliminating unnecessary expenditures of time, energy, and resources.").

## VI.

In determining that Rule 68 applied to matters also settled by stipulation, the ICA concluded that because the court "only implicitly decided that it would be unjust and inequitable to order [Respondent] to pay an additional $14,488.36[,]" slip op. at 22, the case would have to be remanded for the court to render reasons for limiting the award to $5,000.00. HFCR Rule 68 provides that "the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall *specifically determine* that such would be inequitable in accordance with the provisions of HRS [§ ] 580–47[.]" (Emphasis added.) As to those issues not settled but tried, the court did determine that "[o]n the basis of HFCR Rule 68, and taking into consideration the factors set forth in HRS [§ ] 580–47, . . . it would be just and equitable to order [Respondent] to pay a portion of [Petitioner's] costs and attorney's fees in the amount of FIVE THOUSAND and NO/100 DOLLARS ($5,000.00)." In light of this and its findings, the court did satisfy its duty to specifically determine that payment of a sum greater than $5,000.00 would be inequitable and remand was not required for this purpose.

## VII.

For the foregoing reasons, we reverse the ICA's February 27, 2002 decision and affirm the family court's January 27, 2000 order.