In the Interest of JANE DOE, born on February 22, 1974, Juvenile

NO. 7775

(FC-J NO. 79-32922-A)

SEPTEMBER 27, 1982

BURNS, C.J., HEEN, J. AND CIRCUIT JUDGE HUDDY ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

This appeal is from the decision and order of the Family Court of the First Circuit in which the court found the subject child (Jane) to be within the jurisdiction of the court pursuant to Hawaii Revised Statutes (HRS) § 571-11(2)(B) (1976, as amended)[1] in that Jane was subjected to physical abuse as a result of the failure of her father to exercise that degree of care for which he is legally responsible.

*Sua sponte* we find that this court lacks appellate jurisdiction. HRS § 571-54 (1976, as amended) governs appeals in these cases and reads in pertinent part, as follows:

§ 571-54 *Appeal.* An interested party aggrieved by any order or decree of the court may appeal to the supreme court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court and review shall be governed by chapter 602, *except as hereinafter provided.*

\* \* \* \* \*

*An order or decree entered in a proceeding based upon section 571-11 . . . (2), . . . shall be subject to appeal to the supreme court only as follows:*

Within ten days from the date of the entry of any such order or decree, any party directly affected thereby, including a parent or legal custodian of any child or minor involved, may petition the judge for a rehearing and reconsideration of the facts involved. The petition shall set forth the grounds on which a rehearing is requested and shall be sworn to by the petitioner. A copy thereof shall be served upon the attorney general, who shall represent the interests of the State at the rehearing and in connection with any subsequent appeal. As soon thereafter as may be practicable, the judge shall proceed

---

[1] § 571-11 *Jurisdiction; children.* Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:

\* \* \* \* \*

(2) Concerning any child living or found within the circuit

\* \* \* \* \*

(B) Who is subjected to physical or emotional deprivation or abuse as a result of the failure of any person or agency to exercise that degree of care for which the person or agency is legally responsible. . . .

Hawaii Revised Statutes § 571-11(2)(B) (1976, as amended).

with the rehearing of the case, affording to all parties concerned the full right of representation by counsel and presentation of relevant evidence. The findings of the judge upon the rehearing and his determination and disposition of the case thereafter, and any decision, judgment, order, or decree affecting the child and entered as a result of the rehearing shall be set forth in writing and signed by the judge. Any party deeming himself aggrieved by any such judgment, order, or decree, entered following a rehearing as in this section provided, shall have the right to appeal therefrom to the supreme court upon the same terms and conditions as in other cases in the circuit court and review shall be governed by chapter 602; provided that no such petition for rehearing shall operate as a stay of any such judgment, order, or decree unless the judge of the family court so orders; provided further that no informality or technical irregularity in the proceedings prior to the rehearing hereinabove provided for shall constitute grounds for the reversal of any such judgment, order, or decree by the appellate court. [Emphasis added.]

Appellant is the father of Jane. He was awarded legal custody of Jane in a prior divorce proceeding. As a result of a report of suspected sexual abuse made by Jane's maternal grandmother, the State Department of Social Services and Housing (DSSH) filed a petition alleging physical abuse and asking the family court to take appropriate action under the provisions of HRS, chapter 571. The petition was filed on April 20, 1979. Thereafter, the following chronology of pertinent events took place: July 24, the court granted appellant's oral motion to dismiss; August 8, Jane's mother filed Motion for Reconsideration and Rehearing; August 13, DSSH filed a similar motion; October 24, 1979, an order was filed granting reconsideration; November 28, the Decision and Order of the Family Court was filed.

The court found it had jurisdiction over the child under HRS § 571-11(2)(B) (1976, as amended); awarded legal custody of Jane to DSSH for a period not to exceed three years; ordered DSSH to maintain the child in an appropriate setting and to report on the child's current situation every six months.

Appellant did not file a motion for reconsideration and filed

a Notice of Appeal on December 14, 1979.

Although the appeal was carried forward properly from that point, the record does not indicate that appellant took the prerequisite step under § 571-54.

The statute is clear and unambiguous. It conditions the right of an aggrieved party to appeal by requiring him to petition the family court for a rehearing and reconsideration. Although the statute says the party *may* file such petition, we do not think this in any way mitigates the requirement. As we read the statute, a party may or may not file such petition but, *if he intends to appeal the decision, he must.* We find the purpose of the statute is to allow the court and the parties to make a complete record of the proceedings and to set forth in writing the findings and disposition of the family court for appeal purposes.[2] It requires them to focus their attention and, eventually the appellate court's attention, on the errors to be relied upon on appeal.

Absent compliance with the statutory requirement, the matter is not appealable and this court lacks jurisdiction. We have no alternative but to dismiss the matter. *See Collection Corporation, Ltd. v. Anami,*

---

[2] Section 571-54 was enacted with Family Courts Chapter in 1965. It was basically a restatement of the law existing at the time. *See* H. STAND. COMM. REP. NO. 130, 3rd Hawaii Leg., 1st Sess., *reprinted in* HOUSE JOURNAL 550, 553 (1967). The relevant section was first enacted in 1947 and to provide a procedural basis for appeals in the juvenile courts. The legislative history is informative with respect to this:

Senator Tsukiyama, for the Committee on Judiciary, presented a report (Stan. Com. Rep. No. 314), recommending the passage of House Bill No. 253, which was read by the Clerk as follows:

Honolulu, T.H., April 25, 1947

Honorable Clem Gomes
President of the Senate

Sir:

Your Committee on Judiciary to which was referred House Bill No. 253, H. D. 2, entitled, "AN ACT PROVIDING THE RIGHT OF APPEAL FROM THE JUVENILE COURT", begs leave to report as follows:

The purpose of this bill is made clear by the title. The bill provides for a petition for rehearing and reconsideration of the facts, upon the entry of a judgment order on decrees affecting a dependent or delinquent child, and provides that the findings of the judge upon such rehearing and his disposition of the case shall be set forth in writing and signed by the judge. From that written judgment, order or decree, an appeal is provided. The interests of the child and of the community are safeguarded, however, by providing that the

33 Haw. 911 (1936), where our supreme court dismissed an appeal on appellee's motion based on appellant's refusal to post supersedeas bond. At 913, the court said, "There can be no doubt of the existence of legislative power to limit or curtail the right of appeal." *See also Re Sprinkle & Chow Liquor License,* 40 Haw. 485 (1954). *Accord Mahelona Hospital v. Kauai Civil Service Commission,* 46 Haw. 260, 377 P.2d 703 (1962).

In *Sprinkle & Chow, supra,* at 492, the court also said, "The argument that the general-appeal statute applies herein cannot prevail as against the special proceedings which prescribes the manner and limits of review. . . ."

Dismissed for lack of appellate jurisdiction.

*Anson O. Rego* for appellant Father.

*John Simpson (Morris K. Miyasaki* on the brief), Deputy Attorneys General, for appellee DSSH.

*T. Lynn Wasson* for appellee Mother.

---

appeal shall not operate as a stay unless the judge of the juvenile court shall so order.

Your Committee approves the purpose of the bill and recommends that it pass.
Respectfully submitted,
WILFRED C. TSUKIYAMA, Chairman
WM. H. HILL
NEAL S. BLAISDELL
FRANCIS H. Ii BROWN
WM. H. HEEN

S. STAND COMM. REP. NO. 314, 24th Terr. Leg., *reprinted in* SENATE JOURNAL 823 (1948).