17 P.3d 217

**In the Interest of DOE CHILDREN: John Doe, Born on December 22, 1997; John Doe, Born on December 22, 1997.**

No. 23355.

Supreme Court of Hawai'i.

Jan. 30, 2001.

Julio C. Herrera and Mary Ann, Magnier, Deputy Attorneys, General, for the Appellee Department of Human Services on the motion.

Dwight C.H. Lum, Honolulu, for the Mother Appellant in opposition to the motion.

Jeffry R. Buchli, Honolulu, for the Father Appellant in opposition to the motion.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

PER CURIAM:

Mother-appellant (Mother) and Father-appellant (Father) are appealing from the orders of the family court of the first circuit denying their respective motions for reconsideration and awarding permanent custody of their twin children—John Doe, born on December 22, 1997, and John Doe, born on December 22, 1997—to the appellee Department of Human Resources (DHS). The DHS moves to dismiss the appeal for lack of appellate jurisdiction, contending that Mother and Father failed to file timely notices of appeal.

For the reasons set forth below, we deny the DHS's motions to dismiss.

## I. BACKGROUND

This appeal involves the family court's termination of Mother's and Father's parental rights in their children. On February 28, 2000, the family court entered an order awarding permanent custody to DHS and divesting Mother and Father of their parental rights. On March 10, 2000, Father filed a motion for reconsideration as required by Hawai'i Revised Statutes (HRS) § 571-54 (1993). Mother filed a motion for reconsideration on March 16, 2000. After the family court denied the motions, Father filed a notice of appeal on April 7, 2000, and Mother filed a notice of appeal on April 14, 2000.

The DHS now moves to dismiss the appeal for lack of jurisdiction. The DHS notes that the motions for reconsideration were filed more than ten days after the February 28, 2000 order awarding permanent custody and

therefore urges, pursuant to Hawaiʻi Rules of Appellate procedure (HRAP) Rule 4(a)(3), that the filing of the motions did not extend the time to file notices of appeal. Consequently, according to the DHS, the notices of appeal, which were filed more than thirty days after entry of the order awarding permanent custody, were untimely and must be dismissed. Both Mother and Father oppose dismissal on the ground that their motions for reconsideration were timely filed pursuant to HRS § 571–54, and, thus, the notices of appeal, having been filed within thirty days after the order disposing of their respective motions for reconsideration, were timely.

## II. *DISCUSSION*

HRAP Rule 4(a)(1) provides that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRS § 571–54 governs appeals in family court custody cases and provides in relevant part as follows:

An order or decree entered in a proceeding based upon section 571–11(1), (2), (6), or (9) shall be subject to appeal to the supreme court only as follows:

Within twenty days from the date of the entry of any such order or decree, any party directly affected thereby may file a motion for a reconsideration of the facts involved. The motion and any supporting affidavit shall set forth the grounds on which a reconsideration is requested and shall be sworn to by the movant or the movant's representative. The judge shall hold a hearing on the motion, affording to all parties concerned the full right of representation of counsel and presentation of relevant evidence. The findings of the judge upon the hearing of the motion and the judge's determination and disposition of the case thereafter, and any decision, judgment, order, or decree affecting the child and entered as a result of the hearing on the motion shall be set forth in writing and signed by the judge. ·Any party deeming oneself aggrieved by any such findings, judgment, order, or decree shall have the right to appeal therefrom to the supreme court upon the same terms and conditions as in other cases in the circuit court and review shall be governed by chapter 602[.]

■ By the plain language of the statute, a party desiring to appeal from an order entered in a proceeding governed by HRS § 571–54 is required to file a motion for reconsideration. *In re Doe*, 3 Haw.App. 391, 394, 651 P.2d 492, 494 (1982). Thus, there is no appealable order until the family court resolves the motion for reconsideration. Our review of the record in this case reveals that both Mother and Father filed the required motion for reconsideration within twenty days after entry of the family court's permanent custody order as provided by statute. The subsequent notices of appeal were filed within thirty days after entry of the orders denying the motions for reconsideration. Thus, Mother's and Father's notices of appeal were timely.

■ Although DHS acknowledges that the motions for reconsideration were timely filed pursuant to HRS § 571–54, DHS contends (1) that HRAP Rule 4(a)(3) is controlling and requires a party to file a motion for reconsideration within ten days in order to extend the time to file a notice of appeal[1] and (2) that any motion for reconsideration filed pursuant to HRS § 571–54 more than ten days after the order being appealed will not serve to extend the time to file a notice of appeal.

There appears to be a conflict between HRAP Rule 4(a)(3) and HRS § 571–54, but the statute, and not the rule, is controlling. An analogous problem arose in *In re Doe*, 77 Hawaiʻi 109, 883 P.2d 30 (1994), wherein we considered a conflict between HRS § 571–54 and Hawaiʻi Family Court Rule (HFCR) 59(g)(1).[2] Regarding the time requirements set forth in the rule, we stated that:

the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]

---

1. HRAP Rule 4(a)(3) governs the time to appeal affected by post-judgment motions and provides in relevant part:

If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fees or costs, the time for filing

2. At the time, HFCR Rule 59(g)(1) provided that "[a] motion for reconsideration of the decree, order or decision and order shall be filed not

Article VI, section 7 of the Hawaiʻi Constitution provides that "[t]he supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedures and appeals, which shall have the force and effect of law." However, pursuant to HRS § 602–11 (1985), "[s]uch rules shall not abridge, enlarge, or modify the substantive rights of any litigant, nor the jurisdiction of any of the courts, nor affect any statute of limitation.

*In re Doe,* 77 Hawaiʻi at 113, 883 P.2d at 34 (brackets in original).

Although HFCR 59(g)(1) mandated an earlier deadline by which to file a motion for reconsideration when the oral announcement of a decision preceded the entry of the written order, we concluded that the court—made rule could not modify the statute, which allowed parties twenty days within which to file motions for reconsideration and thereafter to appeal following the disposition of the motion for reconsideration.

Just as HFCR Rule 59(e) could not be construed in such a way as to modify the requisite deadline for filing a motion for reconsideration as prescribed by HRS § 571–54, we cannot construe HRAP Rule 4(a)(3) in such a way as to modify the requisite deadline for filing an HRS § 571–54 motion for reconsideration and the subsequent notice of appeal. Accordingly, we hold that HRAP Rule 4(a)(3) is inapplicable to family court cases governed by HRS § 571–54. In such cases, a notice of appeal is timely when it is filed within thirty days after the entry of the order resolving a motion for reconsideration filed in accordance with HRS § 571–54.

### III. *CONCLUSION*

Based upon the foregoing reasons, the DHS's motions to dismiss Father's and Mother's appeals are denied.

later than 20 days after filing of the decree or order or announcement of the decision and order whichever occurs sooner." *In re Doe,* 77 Hawaiʻi at 112, 883 P.2d at 33. After the issuance of *In re Doe,* the rule was amended and no longer conflicts with HRS § 571–54.