100 P.3d 75

**In the Interest of Jane DOE, Born on August 18, 1992, Minor.**

No. 26668.

Supreme Court of Hawai'i.

Nov. 5, 2004.

Arlene A. Harada–Brown, Deputy Attorney General, on the motion, for appellee Department of Human Services.

Dean T. Nagamine, joinder in the motion, for appellee.

Thomas A.K. Haia, in opposition, for mother-appellant.

MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY, JJ.; with ACOBA, J., concurring separately.

PER CURIAM.

Mother-appellant (Mother) is appealing from the orders of the family court of the first circuit denying her motion for reconsid-

eration and awarding permanent custody of Jane Doe to the appellee, Department of Human Services (DHS). The DHS moves to dismiss the appeal for lack of appellate jurisdiction contending Mother failed to file a timely motion for reconsideration as required by Hawaii Revised Statutes (HRS) § 571–54 (1993). The Guardian Ad Litem joins in the motion. Mother, citing our recent opinion, *In re John Doe (DOB 04/02/87)*, 104 Hawai'i 403, 91 P.3d 485 (2004), contends that this court has the discretion to decide this case on the merits despite the untimeliness of Mother's motion for reconsideration. For the reasons set forth below, we grant the DHS's motion to dismiss.

## I. BACKGROUND

This appeal involves a proceeding pursuant to HRS chapter 587. On May 11, 2004, the family court issued an order awarding permanent custody to the DHS. On June 16, 2004, more than twenty days after issuance of the May 11, 2004 order, Mother filed a motion for reconsideration. After the family court denied the motion for reconsideration, Mother filed a notice of appeal.

The DHS now moves to dismiss the appeal for lack of jurisdiction due to Mother's failure to file a timely motion for reconsideration.

## II. DISCUSSION

HRS § 571–54 provides in relevant part as follows:

An interested party aggrieved by any order or decree of the court may appeal to the supreme court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court and review shall be governed by chapter 602, as hereinafter provided.

. . . .

An order or decree entered in a proceeding based upon section 571–11(1), (2), (6), or (9) shall be subject to appeal to the supreme court as follows:

Within twenty days from the date of the entry of any such order or decree, any party directly affected thereby may file a motion for reconsideration of the facts involved. The motion and any supporting affidavit shall set forth the grounds on which a reconsideration is requested and shall be sworn to by the movant or the movant's representative. The judge shall hold a hearing on the motion and the judge's disposition of the case thereafter, and any decision, judgment, order, or decree affecting the child and entered as a result of the hearing on the motion shall be set forth in writing and signed by the judge. Any party deeming oneself aggrieved by any such findings, judgment, order or decree shall have the right to appeal therefrom to the supreme court upon the same terms as all other cases in the circuit court and review shall be governed by chapter 602.

■■■ This appeal involves a proceeding based upon HRS § 571–11(9).[1] Consequently, pursuant to the plain language of HRS § 571–54, the right to appeal in this case is

---

1. HRS § 571–11 (1993) governs the jurisdiction of the family court and provides in relevant part:

   **§ 571–11 Jurisdiction; children.** Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
   (1) Concerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance. Regardless of where the violation occurred, jurisdiction may be taken by the court of the circuit where the person resides, is living, or is found, or in which the offense is alleged to have occurred.
   (2) Concerning any child living or found within the circuit:

   (A) Who is neglected as to or deprived of educational service because of the failure of any person or agency to exercise that degree of care for which it is legally responsible.
   (B) Who is beyond the control of the child's parent or other custodian or whose behavior is injurious to the child's own or others' welfare'
   (C) Who is neither attending school nor receiving educational services required by law whether through the child's own misbehavior or nonattendance or otherwise; or
   (D) Who is in violation of curfew.
   . . . .
   (6) For judicial consent to the marriage, employment, or enlistment of a child, where such consent is required by law.
   . . . .
   (9) For the protection of any child under chapter 587.

conditioned upon the filing of a motion for reconsideration within twenty days from the entry of the disputed order. *In re Doe*, 3 Haw.App. 391, 394, 651 P.2d 492, 494 (1982). Absent compliance with the statutory requirement, the matter is not appealable and the appellate court lacks jurisdiction. *Id.See also In the Interest of Doe Children*, 94 Hawai'i 485, 486, 17 P.3d 217, 218 (2001) (citing *In re Doe*, 3 Haw.App., at 394, 651 P.2d at 494) (a motion for reconsideration filed within twenty days after entry of the order awarding permanent custody is a prerequisite for an appeal governed by HRS § 571–54); *In the Interest of Doe (DOB 02/27/97)*, 77 Hawai'i 109, 883 P.2d 30 (1994) (a timely motion for reconsideration is a prerequisite to an appeal pursuant to HRS § 571–54 in chapter 587 cases). The purpose of the motion for reconsideration is to allow the court and the parties to make a complete record of the proceedings and to set forth in writing the findings and disposition of the family court for appeal purposes. *Id.*

 In the instant case, Mother filed the motion for reconsideration more than twenty days after entry of the disputed order. Thus, she did not comply with the statutory requirements of HRS § 571–54 and this court lacks jurisdiction. Mother acknowledges the motion for reconsideration was untimely, but citing *In re John Doe (DOB 04/02/87)*, 104 Hawai'i 403, 91 P.3d 485 (2004), she contends that the court should exercise its discretion and accept jurisdiction.

In *In re John Doe*, the State appealed from an order granting a motion to suppress evidence in a case brought pursuant to HRS § 571–11(1) without filing a motion for reconsideration. Despite the failure of the State to file a motion for reconsideration, we concluded we had jurisdiction to decide the merits of the appeal under HRS § 571–54 because the record was complete and none of the parties challenged jurisdiction on appeal. *In re John Doe*, 104 Hawai'i at 407, 91 P.3d at 488. Nevertheless, upon further consideration of this issue, we recognize that statutory jurisdictional requirements cannot be disregarded. An appellant's failure to file a timely motion for reconsideration in the specific proceedings enumerated in HRS § 571–54 is a jurisdictional defect with respect to the subject matter that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion. *Cf Enos v. Pacific Transfer & Warehouse*, 80 Hawai'i 345, 349, 910 P.2d 116, 120 (1996) (quoting *Bacon v. Karlin*, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986)) (an appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion). Consequently, we overrule the jurisdictional holding of *In re John Doe*, reaffirm that a timely motion for reconsideration is a prerequisite to an appeal from orders entered in the proceedings enumerated in HRS § 571–54, and hold that, absent compliance with the statute, we lack appellate jurisdiction, and the appeal must be dismissed.

### III. CONCLUSION

Based upon the foregoing, the DHS's motion to dismiss Mother's appeal is granted.

Concurring Opinion by ACOBA, J.

I concur but with the reservation that untimely motions for reconsideration and appeals from the family court by juvenile "law violators" may not be governed by this decision.