DISSENTING OPINION BY
RECKTENWALD, C.J.,
IN WHICH NAKAYAMA, J., JOINS
I. Introduction
Since 1982, the Hawaii Family Court Rules (HFCR) have contained a provision entitled Rule 68, “Offer of Settlement.” The rule establishes a process for awarding costs and attorney’s fees against litigants who reject an offer to settle and then fail to obtain a result that is patently more favorable than the offer.
The parties here evidently thought that the adoption of HFCR Rule 68 was a legitimate exercise of this court’s authority, since they never, at any point in this proceeding, suggested otherwise. At no point in the history of this case—whether in the family court, the Intermediate Court of Appeals (ICA), or in this court—did either of the parties suggest that HFCR Rule 68 should be invalidated because it conflicts with Hawaii Revised Statutes (HRS) § 580-47. Rather, the dispute as framed by the parties is whether the family court and the ICA misapplied the rule in determining whether and to what extent Petitioner Bruce Cox (Husband) was entitled to fees and costs.
Today, without any request from the parties to do so, the Majority determines “HFCR Rule 68 do[es] not apply to family comí; cases governed by [HRS] § 580-47.” This holding effectively invalidates the rule in all divorce proceedings in this state.
This result—with the disruption that it entails to the settled expectations of the bar and the public concerning the operation of the HFCR—is avoidable. The rule can be upheld by construing it in a manner that is consistent with HRS § 580-47. And, even if one shares the Majority’s concerns about the effects and operation of HFCR Rule 68, the appropriate forum for addressing those concerns is this court’s rule-making process. Following that process would enable the court to release revisions to the rule for comment, and thus benefit from the input of the bar and the public.
Thus, I respectfully dissent from the Majority’s analysis of the validity of HFCR Rule 68.
II. Discussion
The Majority decides an issue that has not been challenged in this case and is therefore waived. The question presented to this court was whether Husband is entitled to appellate fees and costs under HFCR Rule 68. We were not asked whether HFCR Rule 68 is contrary to HRS § 580-47, provides an unworkable framework, or should otherwise be invalidated. In fact, neither Husband nor Carolyn Davidson Cox (Wife) made any arguments to the family court, the ICA, or this court relating to the validity of HFCR Rule 68. We need not and should not sua sponte address an issue that was never raised or disputed by the parties at any point. See Ass’n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002) (“Legal issues not raised in the trial court are ordinarily deemed waived on appeal.”); Alvarez Family Tr. v. Ass’n of Apartment Owners of Kaanapali Alii, 121 Hawai'i 474, 488, 221 P.3d 452, 466 (2009) (“It is well-established in this jurisdiction that, where a party does not raise specific issues on appeal to the ICA or on application to this court, the issues are deemed waived and need not be considered.”).
The Majority asserts that it is not deciding a waived issue, and that it can therefore address the purported conflict between HRS § 580-47 and HFCR Rule 68 without resorting to the plain error doctrine. It suggests that “the overarching issue is whether husband should have been awarded appellate attorney’s under HFCR 68, an issue that Husband raised and properly preserved.” *491 Respectfully, I believe that Husband will be surprised to learn that he “raised and properly preserved” the question resolved by the court today, since in no way can his application to this court be read as challenging the underlying validity of HFCR Rule 68. Thus, the majority’s characterization of the “overarching issue” is so expansive as to eviscerate the plain error doctrine.
Second, while this court has the discretion to address waived issues under the plain error doctrine, the recognition of plain error here to address the validity of HFCR Rule 68 is unprecedented. An appellate court “should invoke the plain error doctrine in civil cases only when justice so requires.” Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) (internal quotation marks and citation omitted). This discretion “is always to be exercised sparingly” because “the plain error doctrine represents a departure from the normal rules of waiver that govern appellate review.” Id. at 458, 40 P.3d at 81 (internal quotation marks, brackets, and citation omitted).
As such, this court has rarely recognized plain error in civil eases. Based on my research, there are only five such eases. See Fujioka v. Kam, 55 Haw. 7, 514 P.2d 568 (1973); Earl M. Jorgensen Co. v. Mark Constr. Inc., 56 Haw. 466, 540 P.2d 978 (1975); Montalvo v. Lapez, 77 Hawai'i 282, 884 P.2d 345 (1994); Hill v. Inouye, 90 Hawai'i 76, 976 P.2d 390 (1998), as amended on reconsideration (Jan. 13, 1999); Office of Hawaiian Affairs v. State, 96 Hawai’i 388, 31 P.3d 901 (2001).
Notably, I could not find a single civil case in which this court noticed plain error—as the Majority effectively does here—where neither party raised the issue or asked this court to recognize plain error.
Indeed, this court has explicitly declined to notice plain error in cases in which a party did raise a plain error issue, but failed to provide supporting arguments or evidence regarding the issue. For example, in Alvarez Family Trust, this court declined to recognize plain error regarding estoppel, in part because the petitioners “did not set forth any arguments in their application with regard to plain error[.]” 121 Hawai'i at 492-94, 221 P.3d at 470-73. Similarly, in U.S. Bank National Association v. Castro, this court declined to notice plain error regarding a due process claim because the petitioners “did not include any transcripts of the district court proceedings in the record on appeal” and “also did not specify the manner in which [they] were allegedly denied due proeess[.]” 131 Hawai'i 28, 42, 313 P.3d 717, 731 (2013).
Underlying these decisions is an understanding that questions presented without any relevant support—based on the record or our case law—are beyond the scope of appellate review. This is because an appellate court cannot fairly and thoroughly decide a case without the parties shaping the issues and presenting the relevant considerations. Not only does this approach promote judicial economy, efficient resolution of disputes, and finality, but also recognizes that we simply do not have the resources to raise issues on behalf of the parties. Fundamentally, courts are “neutral arbiters] of justice,” deciding issues that are brought before us. United States v. Kyle, 734 F.3d 956, 966 (9th Cir. 2013). We cannot fulfill this role without the parties presenting the issues for us to decide.
Unlike the petitioners in Alvarez Family Trust and Castro, the parties never asked this court to invoke the plain error doctrine. Like the petitioners in Alvarez Family Trust and Castro, the parties here have not submitted briefing, supporting arguments, or evidence on the validity of HFCR Rule 68. Consequently, we are in even less of a position to notice plain error—discretion which is “always to be exercised sparingly.” Okada Trucking, 97 Hawai'i at 458, 40 P.3d at 81. I therefore respectfully disagree with the Majority’s sua sponte recognition of plain error in this civil case.
Third, even if the validity of HFCR Rule 68 was properly before this court, the Majority’s concerns regarding the potential conflict between HFCR Rule 68 and HRS § 580-47 *492 can be addressed without invalidating the rule. The Majority reads HFCR Rule 68 as “treat[ing] the award of attorney’s fees to a party-offeror as presumptively mandatory” whereas HRS § 680-47 allows “attorney’s fees [to] be discretionarity awarded to a party only if such award ‘shall appear just and equitable[.]’ ” Based on this reading, the Majority concludes that HFCR Rule 68 abridges the substantive rights of parties to family court proceedings because “it modifies the standard by which the family court should decide whether to award post-offer attorney’s fees to the party-offeror.”
However, we do not need to interpret HFCR Rule 68 in a manner that conflicts with HRS § 580-47. The HFCR expressly direct us to construe and apply the rules “in such manner as will advance the fair, equitable ... determination of every action.” HFCR Rule 1(b) (emphasis added). Further, “[t]he interpretation of a rule promulgated by the courts involves principles of statutory construction.” Ass’n of Condo. Homeowners of Tropics at Waikele ex rel. Bd. of Dirs. v. Sakuma, 131 Hawai'i 254, 255, 318 P.3d 94, 95 (2013) (quoting Cresencia v. Kim, 86 Hawai'i 334, 335-36, 944 P.2d 1277, 1278-79 (1997)).
Under our principles of statutory construction, “[c]ourts are bound to give effect to all parts of a statute, and ... no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute.” Sakuma, 131 Hawai'i at 256, 318 P.3d at 96 (quoting Keliipuleole v. Wilson, 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997)) (interpret ing HRAP 4(a)(3) based upon statutory interpretation principles).
Moreover, “this court has said that it will interpret a statute so as to preserve its constitutionality whenever feasible.” Doe v. Doe, 116 Hawai'i 323, 331, 172 P.3d 1067, 1075 (2007); see also State v. Raitz, 63 Haw. 64, 73, 621 P.2d 352, 359 (1980) (“[I]f feasible within bounds sets by them words and purpose, statutes should be construed to preserve their constitutionality.”).
Thus, we must interpret HFCR Rule 68 to advance equitable considerations and, if possible, give effect to all parts of the rule and preserve its validity.
With this guidance in mind, I turn to the plain language of the applicable version of HFCR Rule 68 (2006), which provides in relevant part:
If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney’s fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.
(Emphasis added).[1]
In other words, the court can decide not to award attorney’s fees and costs if it determines that an award would be inequitable. As the Majority acknowledges, the court makes this determination by considering “presumably the same or similar equitable factors” as in HRS § 580-47.
However, the Majority asserts that the phrase “unless the court shall specifically determine that such would be inequitable” in HFCR Rule 68 is “a mere afterthought.” This characterization ignores the plain meaning of HFCR Rule 68 and fails to “give force to and preserve all words” of the rule. Sakuma, 131 Hawai'i at 256, 318 P.3d at 96. It also fails to construe the rule in a way to preserve it. See Doe, 116 Hawai'i at 331, 172 P.3d at 1075.
If read to advance equitable considerations and preserve its validity, HFCR Rule 68 provides that the court retains discretion over awarding attorney’s fees and costs and *493 must exercise this discretion based on equitable concerns. HFCR Rule 68 thus does not force the court to award attorney’s fees and costs in conflict with HRS § 680-47. Rather, HFCR Rule 68 establishes a presumptive entitlement to fees, which can be overcome consistent with HRS § 580-47.
Therefore, HFCR Rule 68 does not abridge the parties’ rights contained in HRS § 580-47 and does not need to be invalidated on these grounds.
Fourth, by declaring HFCR Rule 68 invalid, the Majority bypasses this court’s usual process for amendments to the HFCR. Typically, proposed amendments are reviewed by the Permanent Committee on the Family Court Rules, which is composed of judges who serve in our family courts and lawyers who specialize in family law. The Committee’s recommendations are critical, given its members’ familiarity with the applicable law and the cases that will ultimately be governed by the HFCR.[2]
Additionally, we generally ask for public comment regarding proposed amendments so that we can receive input from any interested parties. See Proposed Rule Changes, Hawai'i State Judiciary, http://www.courts.state.hi.us/ legal_references/rules/proposed_rule_ ehanges/proposedRuleChanges (last visited June 14, 2016) (seeking public comment on recent proposed rule changes). For rule amendments relating to “the [Hawai'i State] Bar, its authority, functions and duties[,]” we must also notify the Board of Directors of the Hawai'i State Bar Association so that they have an opportunity to comment. Rules of the Supreme Court of Hawai'i Rule 17(g). Practitioner and public participation ensures that our court rules create the most effective and just framework for resolving disputes.[3]
In sum, I do not believe that we should sua sponte invalidate Rule 68 for the reasons advanced by the Majority. Rather, I would address the issue actually raised by the parties and hold that Husband is not entitled to appellate fees and costs under HFCR Rule 68. HFCR Rule 68 states, “If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney’s fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable.” (Emphases added). Further, HFCR Rule 54(a) provides that “ ‘[j]udgment’ as used in these rules includes a decree and any order from which an appeal lies.” (Emphasis added). A plain reading of these *494 rules in paiñ materia indicates that HFCR Rule 68 allows for the award of attorney’s fees and costs incurred “after the making of the offer” and until the family court enters a final appealable judgment.
This reading is consistent with HFCR Rule 68’s purpose of “encouraging] settlements .., before a contested matrimonial trial or a contested hearing for an order is scheduled to begin.” Nakasone v. Nakasone, 102 Hawai'i 177, 181, 73 P.3d 715, 719 (2003) (internal quotation marks and citation omitted). It is also consistent with our previous cases, which applied HFCR Rule 68 to attorney’s fees and costs incurred in the family court only. See, e.g., id. at 182, 73 P.3d at 720; Owens v. Owens, 104 Hawai'i 292, 310, 88 P.3d 664, 682 (2004); Criss v. Kunisada, 89 Hawai'i 17, 25-26, 968 P.2d 184, 192-93 (App. 1998). Therefore, HFCR Rule 68 does not apply to appellate attorney’s fees and costs.
III. Conclusion
The court today invalidates our own rule, which we amended only last year, with no suggestion by the parties that we should do so. Nothing in the record indicates that this 2015 version of the rule, which the Majority now describes as particularly problematic, has caused any unintended consequences or operated in any way other than the manner in which it was intended. Lastly, the rule can be interpreted in a way which preserves its validity. Respectfully, invalidating the rule in these circumstances undercuts confidence in the predictability and stability of our laws. For these reasons, I dissent.

. The current version of HFCR Rule 68 (2015) omits "in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.” The Majority appears to invalidate both versions of the rule.

. The Majority suggests that I am "advocating that this court ... defer to the rules committee to address any errors in the rules.” This is incorrect. Although we establish rules committees to consider possible rules and make recommendations, it is the court’s job to decide whether or not to adopt or amend a rule. Thus, I am not suggesting that this court "defer” to the Permanent Committee on the Family Court Rules, but rather follow this court’s established process for amending rules by obtaining input from the committee before we act.
This process would be particularly appropriate here, where the issue of HFCR Rule 68’s validity has not been raised by the parties. The cases cited by the Majority can be distinguished on this basis. See Bank of Hawaii v. Shinn, 120 Hawai'i 1, 4-5, 200 P.3d 370, 373-74 (2008) (petitioner asked this court to determine the interaction between a court rule and statute); In re Doe Children, 94 Hawai'i 485, 485-86, 17 P.3d 217, 217-18 (2001) (same); In Interest of Doe, 77 Hawai’i 109, 112-13, 883 P.2d 30, 33-34 (1994) (same).
These cases are also distinguishable because the rule and statute at issue were in direct conflict and, unlike here, there was no feasible interpretation of the rule to avoid the conflict. See Shinn, 120 Hawai'i at 8, 200 P.3d at 377 (HRS § 657-5 required notice where HRCP Rule 5 provided that service was not necessary); Doe Children, 94 Hawai'i 485, 17 P.3d 217 (HRS § 571-54 allowed for a longer period to file a motion for reconsideration than HRAP Rule 4(a)(3)); Doe, 77 Hawai'i 109, 883 P.2d 30 (HRS § 571-54 allowed for a longer period to file an appeal than HFCR Rule 59(e)).

. Indeed, in November 2014, this court engaged in this very process and approved amendments to the HFCR, including Rule 68. These amendments were the result of a lengthy review of the HFCR undertaken by the Permanent Committee on the Family Court Rules. After reviewing the Committee's recommendations, and circulating the amendments for public comment, we adopted the amended rules effective January 1, 2015. It seems incongruous that now, less than two years later, the Majority invalidates HFCR Rule 68 by interpreting it to conflict with HRS § 580-47.